1  David J. Kaminski, Esq. (SBN #128509)
   KaminskiD@cmtlaw.com
2  J. Grace Felipe (SBN 190893)
   Felipeg@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant,
   THE AFFILIATED GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KEVIN DOWELL, | CASE NO. ED cv 12 - 01979 BY FAX VAP (DTBx) |
| Plaintiff, | |
| vs. | NOTICE OF REMOVAL |
| THE AFFILIATED GROUP, INC. | |
| Defendant. | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant THE AFFILIATED GROUP, INC. hereby files this notice of removal under 28 U.S.C. §1446(a).

### A. INTRODUCTION

1. Defendant is THE AFFILIATED GROUP, INC. ("Defendant"); Plaintiff is KEVIN DOWELL ("Plaintiff").

2. Upon information and belief, Plaintiff initially filed this case on September 6, 2012 in the Superior Court of California, County of San Bernardino, Case No. CIVDS1209542. A true and correct copy of Plaintiff's original Summons and Complaint is attached hereto as Exhibit "A".

///

1

Notice of Removal

07286.00/189015

3. On October 12, 2012, Defendant was personally served with the Summons and a copy of Plaintiff's Complaint. (See Declaration of Jolene Graves in Support of Notice of Removal, filed concurrently herewith).

4. As Defendant received Plaintiff's Complaint on October 12, 2012, Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b). See *Wells v. Gateways Hosp. & Mental Health Ctr.*, 1996 U.S. App. LEXIS 2287 at *2 (9th Cir. Cal. Jan. 30, 1966).

### B. BASIS FOR REMOVAL

5. Removal is proper because Plaintiff's Complaint involves a federal question. 28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996). Specifically, Plaintiff has alleged claims that arise under 15 U.S.C. § 1692, *et seq.*, for alleged violation of the Fair Debt Collection Practices Act.

6. "Where it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction..." *Smith v. Kansas City Title and Trust Co.*, 255 U.S. 180, 41 S. Ct. 243, 65 L. Ed. 577 (1921) (Court upheld federal jurisdiction over the case because the state claim embraced a federal question). A case may "arise under" federal law for purposes of 28 U.S.C. § 1331 even when a state cause of action is asserted, however, "where the vindication of a right under state law necessarily turns on some construction of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). The question then is whether plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute."

///

///

7. Similarly, to bring a case within (arising-under jurisdiction), a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. *Gully v. First Nat'l Bank* (U.S. 1936) 299 U.S. 109, 112, 112, 57 S. Ct. 96, 97.

8. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

9. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## C. JURY DEMAND

10. Plaintiff demands a jury in the state court action. Defendant demands a jury trial.

## D. CONCLUSION

11. Defendant respectfully requests removal of this action as it involves a Federal question under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

DATED: November 12, 2012   CARLSON & MESSER LLP

By _____
David J. Kaminski
J. Grace Felipe
Attorneys for Defendant,
THE AFFILIATED GROUP, INC.

3

Notice of Removal

07286.00/189015